**MAXWELL C. AGHA SBN 153625**
**BANKER'S HILL LAW FIRM, APC**
160 Thorn St. Suite 200
San Diego, CA 92103
Telephone No: (619) 230-0330
Facsimile No: (619) 230-1726

Attorney for Plaintiff
Lawanda Moses

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWANDA MOSES, Individually and as the Personal Representative of Tommy Yancy Jr., deceased,<br><br>      Plaintiff,<br>vs.<br><br>STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL; ; CITY OF IMPERIALPOLICE DEPARTMENT; CITY OF IMPERIAL; ; GILBERT CALDERA; HERACLIO CARDENAS; ROBERT GONZALES; WESLEY BOERNER;; RICHARD KOTZIN; MARIO LUNA; ; and DOES 8 through 25, inclusive;<br><br>      Defendants. | Case No. 3:15 CV 0334 JM (JLB)<br><br>**PLAINTIFF LAWANDA MOSES' SECOND AMENDED COMPLAINT FOR DAMAGES FOR:**<br><br>**1. VIOLATION OF SUBSTANTIVE DUE PROCESS, (42 U.S.C. § 1983);**<br>**2. VIOLATION OF CIVIL RIGHTS, (42 U.S.C. § 1983);**<br>**3. WRONGFUL DEATH, (42 U.S.C. § 1983);**<br>**4. SURVIVAL ACTION, (42 U.S.C. § 1983);**<br>**5. VIOLATION OF BANE ACT - CAL. CIV. CODE § 52.1;**<br>**6. ASSAULT;**<br>**7. NEGLIGENCE (WRONGFUL DEATH);**<br>**8. FALSE IMPRISONMENT;**<br>**9. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br>**10. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;**<br>**11. DAMAGES** |

**DEMAND FOR JURY TRIAL**

TO THE DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff LAWANDA MOSES, Individually and as the Personal Representative of Tommy Yancy Jr., deceased, hereby alleges and complains against the Defendants STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL; CITY OF IMPERIAL; CITY OF IMPERIAL POLICE DEPARTMENT; GILBERT CALDERA; HERACLIO CARDENAS; ROBERT GONZALES; WESLEY BOERNER;; RICHARD KOTZIN; MARIO LUNA; and DOES 8 through 25, inclusive, and each of them hereinafter, (all together, "Defendants") as follows:

## I.
## JURISDICTION AND VENUE

1.      This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

2.      Venue is properly within this District under 28 U.S.C. §1391(b) because all of the events and transactions giving rise to this action took place in Imperial County, California.

## II.
## NATURE OF THE ACTION

3.      This wrongful death and civil rights action seeks compensatory and punitive damages from the State of California; California Highway Patrol; City of Imperial; City of Imperial Police Department; GILBERT CALDERA; HERACLIO CARDENAS; ROBERT GONZALES; WESLEY BOERNER; RICHARD KOTZIN; MARIO LUNA; and DOES 8 through 25 for violation of

various rights under the United States Constitution and state law in connection with the police killing of 32-year-old veteran Tommy Yancy Junior, on Mother's Day, May 11, 2014.

4.    The killing of Tommy Yancy Junior was seen and recorded by multiple witnesses, and afterwards was featured prominently on national and international news. Video footage broadcast by KECY-TV FOX 9 and ABC 5 depicts Tommy Yancy Junior, who is clearly unarmed, being attacked by a K-9 dog, beaten, forced onto the ground, and shot with one or more tasers amidst a swarm of police officers. Sadly, Tommy's mother Lawanda Moses, who had a very close relationship with her son, witnessed the fatal attack of her son on television, and had to contend with his death on Mother's Day.

5.    Plaintiff Lawanda Moses commences this action individually and on behalf of her son, decedent Tommy Yancy, Jr. Tommy was driving through or near the intersection of Highway 86 and 15th Street in Imperial, California, when he was pulled over by officers from the California Highway Patrol ("CHP") in what appeared to be a routine traffic stop. During the stop, the CHP Officers and the Police Officers physically attacked Mr. Yancy with a K-9 dog, batons, one or more tasers, and their fists, resulting in his death. This case is in the public interest.

## III.

## PARTIES

6.    At all relevant times, Tommy Yancy, Jr. ("Decedent") was an individual residing in the County of Imperial, State of California.

7.    Plaintiff, Lawanda Moses, sues both in her individual capacity as the parent of Decedent and in a representative capacity as Personal Representative of Decedent's, her son's, Estate.

8.    At all times mentioned in this Complaint, Plaintiff Lawanda Moses has been residing in the County of Imperial, State of California.

9.    Defendant State of California is, and at all times herein mentioned

was, a sovereign state of the United States of America.

10.     Defendant California Highway Patrol ("CHP") is, and at all times herein mentioned was, an agency of and operating under the authority of the State of California, duly organized and existing under the laws of the State of California.

11.     Defendant City of Imperial is a City operating pursuant to its Charter. It is a local government entity and is not an arm of the State of California for Eleventh Amendment purposes.  .

12.     Defendant City of Imperial Police Department is, and at all times herein mentioned was, an agency of and operating under the authority of the City of Imperial, duly organized and existing under the laws of the State of California.

13.     Defendants GILBERT CALDERA, HERACLIO CARDENAS, ROBERT GONZALES, and WESLEY BOERNER are, and at all times herein mentioned were, California Highway Patrol Officers involved in the incident alleged herein.  Plaintiff is informed and believes and based hereon alleges that Officer CALDERA pulled the Decedent over in his vehicle and Officers CARDENAS, GONZALES and BOERNER then responded to the scene of the incident.  These defendants may collectively be referred to as "the CHP Officers."

14.     Defendants RICHARD KOTZIN and MARIO LUNA are, and at all times herein mentioned were, City of Imperial Police Officers involved in the incident alleged herein.  Plaintiff is informed and believes and based hereon alleges that the Officers listed herein responded to the scene of the incident. These defendants may be collectively referred to as "the Police Officers."

15.     The CHP Officers and the Police Officers named herein may be collectively referred to as "the Officer Defendants."

16.     At all relevant times, each of Defendants and Does 8-25, inclusive, was a police officer and/ or a managerial, supervisorial, and policymaking employee of the State of California, California Highway Patrol, , who was acting under color of law within the course and scope of his duties as a managerial,

supervisorial, and policymaking employee for the State of California, California Highway Patrol, City of Imperial, or City of Imperial Police Department and with the complete authority and ratification of his or her principal, State of California, California Highway Patrol, City of Imperial and/or City of Imperial Police Department. Defendants Does 8-25 caused Decedent's and Plaintiffs' injuries by attacking and killing the Decedent, by integrally participating or failing to intervene in the attack, and by engaging in other acts and/ or omissions around the time of the attack that resulted in Decedent's death.

17.    In doing the acts and failing and omitting to act as hereinafter described, Does 8-25 were acting on the implied and actual permission and consent of the State of California, California Highway Patrol, City of Imperial and/or City of Imperial Police Department.

18.    At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every Defendant.

19.    The true names and capacities of defendants sued herein as Does 8-25, inclusive, are unknown to Plaintiff and therefore sue these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Each of the fictitiously-named defendants is responsible in some manner for the conduct and liabilities alleged herein.

20.    On information and belief, at all relevant times, Does 8-25 were residents of the State of California.

21.    The Officer Defendants are directly liable for Decedent's and Plaintiffs' injuries under state law and federal law pursuant to 42 U.S.C. § 1983 and are sued in their individual capacities for damages only.

22.    On June 19, 2014, Plaintiff filed comprehensive and timely claims for damages with the State of California and the California Highway Patrol pursuant to applicable sections of the California Government Code.

23.    The State of California and the California Highway Patrol denied Plaintiffs' claims on August 21, 2014.

24.    On September 9, 2014, Plaintiff filed comprehensive and timely claims for damages with the City of Imperial and the City of Imperial Police department pursuant to applicable sections of the California Government Code.

25.    The City of Imperial and the City of Imperial Police Department denied Plaintiffs' claims on September 17, 2014.

**IV.**

**FACTS**

26.    The foregoing allegations are incorporated as is re-alleged herein.

27.    At all relevant times, the Officer Defendants were acting under color of law and as employees of either the State of California, California Highway Patrol, or the City of Imperial.

28.    On Sunday, May 11, 2014, at approximately 1-1:30pm, near the intersection of Highway 86 and 15th Street in Imperial, California, Defendant Officer Caldera pulled over decedent Tommy Yancy Jr. in what appeared to be a routine traffic stop.

29.    Shortly afterwards, two officers approached Yancy's vehicle on the driver's side. Plaintiff is informed and believes and based thereon alleges that one officer was CHP Officer Caldera and the other was one of the Police Officers who responded to the scene.  Soon afterwards, Yancy and Officer Caldera and/or the Police Officers began shouting at each other. One officer was wearing a blue uniform, and the other was wearing a tan uniform. Plaintiff is informed and believes and based thereon alleges that the officer in blue was one of the named Defendant Police Officers and the officer in tan was one of the named CHP Officers.  The officer in tan had a baton in his right hand. The officer in blue walked towards one of the patrol cars and brought out a K9 dog and walked back to Yancy's vehicle with the dog with his hand on the dog's collar. The K9 dog

appeared ready to attack.

30.     Sometime during this encounter, the remainder of the CHP Officer defendants and the Police Officer defendants arrived at the location and assisted the two officers already engaged in the volatile situation with the Decedent.

31.     The officer with the K9 dog stood almost directly in front of Yancy's vehicle approximately 10 feet away. The other officer (in tan) was positioned toward the driver's side back door approximately 10 feet away and was still holding the baton.

32.     Shortly afterwards, Mr. Yancy stepped out of his car with his hands up and stood next to his car facing the officers. He appeared upset and seemed to be yelling something to the officers.

33.     At this point one of the officers yelled, "You're under arrest" and one or both of the officers repeated the phrase "get on the ground" about 3 times.

34.     The (blue uniformed) officer with the K9 dog inched forward, with his hand on the dog's collar, as if to threaten Mr. Yancy with the K9 dog.  The officer(s) continued to yell at Mr. Yancy to get on the ground.

35.     Mr. Yancy did not get on the ground immediately, but appeared to be talking or shouting back to the officers with phrases such as "for what?"

36.      The (blue uniformed) officer released the K9 dog's leash and the dog launched itself toward Mr. Yancy. The dog jumped on or towards Mr. Yancy's face and torso. Mr. Yancy was standing next to his car so he had nowhere to go. Mr. Yancy put his hands up to protect himself and started yelling, "ah, ah, ah" in pain.

37.     Seconds later, the officers (at this point at least four officers were present) quickly came towards the dog and Mr. Yancy. The officers began striking, hitting, and kicking Mr. Yancy. Soon after, the officers had Mr. Yancy on the ground, face down, and were putting, or attempting to put, Mr. Yancy in handcuffs. The dog was still attacking/biting Mr. Yancy. Mr. Yancy was still

yelling in pain and the K9 dog was moving around from Mr. Yancy's back to his front.

38.     While Mr. Yancy was on the ground he did not appear to be resisting but rather was trying to stop the dog from biting him. Mr. Yancy was squirming around but was not swinging or kicking at the officers.

39.     Throughout this time, one of the officers was commanding the K9 dog and encouraging the dog with phrases like "good boy". Then, the officer in blue appeared to have one knee on Mr. Yancy while trying to get the K9 off of Mr. Yancy.

40.     At this time, Mr. Yancy was yelling out to the officers, "you got me mother fucker", and was repeating the phrases "I have PTSD, I have PTS fuckin D, I have PTSD".

41.     One officer then fired a taser shot at Mr. Yancy and Mr. Yancy yelled as if he was in pain again. The officer in blue and the K9 dog either jumped off or fell away from Mr. Yancy as if they had been thrown off him.

42.     The officers continued to shout at Mr. Yancy and/or each other, and the K9 dog continued to bark. A few seconds later the K9 dog had been placed in one of the patrol cars.

43.     While Mr. Yancy was still face down on the ground and being struck by the officers, the officers turned Mr. Yancy around and saw that Mr. Yancy had lost consciousness. The officers began performing cardio-pulmonary resuscitation (CPR) on Mr. Yancy, and continued to do so for several minutes until it became clear that Mr. Yancy was not responding to the resuscitation attempts.

44.     An ambulance was called onto the scene. When the ambulance arrived, the officers once again tried to perform CPR on Mr. Yancy before his body was loaded into the ambulance.

45.     Despite the fact that the Decedent was clearly unarmed, was outnumbered by the officers, and was not posing any true threat to the officers, the

Officer Defendants inexplicably attacked him.

46.    The Decedent was attacked by a K-9 dog, repeatedly struck and repeatedly shot with a taser, suffered a fractured sternum and died.

47.    At all relevant times, the Decedent was unarmed and in mental health distress. The Decedent was a veteran suffering from Post-Traumatic Stress Disorder ("PTSD").

48.    At all relevant times, the Decedent did not have a weapon or anything that looked like a weapon. The attack of Decedent was captured and broadcast on television.

## V.

## FIRST CAUSE OF ACTION

### Violation of Substantive Due Process (42 U.S.C. § 1983)
### (By PLAINTIFF against the Officer Defendants)

49.    The foregoing allegations are incorporated as if re-alleged herein.

50.    Plaintiff has cognizable interests under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in their familial relationship with their son, Decedent.

51.    Decedent had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of his right to life, liberty, or property in such a manner as to shock the conscience.

52.    The aforementioned actions of the Officer Defendants, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Decedent and Plaintiff, and with purpose to harm unrelated to any legitimate law enforcement objective.

53.    Specifically, the following conduct of the Officer Defendants shocks

the conscience:

(a) shooting a taser at an unarmed person;

(b) shooting a taser at a non-dangerous person;

(c) shooting a taser at a veteran;

(d) shooting a taser at that person when that person did not pose a threat;

(e) shooting a taser at that person a large number of times;

(f) utilizing excessive force by beating on the Decedent's chest so as to fracture his sternum;

(g) continuing to shoot a taser at that person while he is on the ground;

(h) beating that person;

(i) releasing a K9 onto that person so as to cause the K9 to launch at that person's face and torso;

(j) integrally participating in or failing to intervene in the above misconduct; and

(k) all of the above acts together.

54.    The Officer Defendants acted under color of state law.

55.    The Officer Defendants violated the substantive due process rights of Plaintiff to be free from unwarranted interference with her familial relationship with Decedent.

56.    The conduct of the Officer Defendants was a cause of Decedent's death.

57.    As a direct and proximate cause of the acts of the Officer Defendants, Plaintiff was deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Decedent, their loved one and family member, and they will continue to be so deprived for the remainder of their natural lives.

58.    As a direct and proximate cause of the acts of the Officer Defendants,

Decedent experienced severe pain and suffering and loss of enjoyment of life.

59.    The conduct of the Officer Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to each of the Officer Defendants.

60.    Plaintiff brings this claim individually and as the personal representative of Decedent, and seeks wrongful death and survival damages for the violation of Decedent's rights.

61.    Plaintiff also seeks attorney fees under this claim. Plaintiff also claims funeral and burial expenses and a loss of financial support.

## VI.
## SECOND CAUSE OF ACTION
## Violation of Civil Rights (42 U.S.C. § 1983)
## (By PLAINTIFF against the Officer Defendants)

62.    Plaintiff incorporates by reference herein all allegations set forth above.

63.    Plaintiff brings this claim individually and as the personal representative of Decedent, and seeks both survival and wrongful death damages for the violation of Decedent's rights.

64.    The Officer Defendants' physical assault and battery of Decedent by intentional grabbing, choking and throwing Decedent to the ground was done with the intent to injure plaintiff.  Defendants knew that Decedent was unarmed, and was not a threat to anyone including the officers themselves.  Defendants used physical force against plaintiff without legal justification or excuse.

65.    When the Officer Defendants launched a K-9 dog on, beat, shot with a taser, and killed Decedent, they deprived the Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment to the United States Constitution and

applied to state actors by the Fourteenth Amendment.

66.    The attack and shooting of Decedent was excessive and unreasonable, especially because the Decedent was unarmed and did not appear to be resisting while on the ground, the Decedent was vastly outnumbered by the Officer Defendants, and the Decedent did not pose an imminent threat of death or serious bodily injury to the Officer Defendants or to anyone else.

67.    As a result of the unwarranted conduct and unnecessary excessive force of the Officer Defendants, Decedent suffered a fractured sternum and died.

68.    The Officer Defendants' use of a K-9 dog and a taser against the Decedent violated their training requirements.

69.    The conduct of the Officer Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and therefore warrants the imposition of exemplary and punitive damages as to each of them.

70.    Each of the Officer Defendants integrally participated in, or failed to intervene in, the conduct described above.

71.    Defendants, acting under color of law, deprived Decedent and Plaintiff of rights, privileges and immunities secured to them by the Fourth Amendment of the United States Constitution in subjecting Decedent to excessive and unreasonable force. Said wrongful, illegal, and unconstitutional conduct by Defendants is a proximate cause of the losses and damages sustained by Plaintiff, as hereinafter alleged, in that they knowingly and willfully used physical force against a driver who had not committed any crime, was unarmed, and not a danger to anyone, without provocation, necessity, or justification.

72.    By reason of the wrongful and malicious acts of defendants, and each of them, Plaintiff has suffered extreme and severe mental anguish and physical pain, the extent of which is currently unknown.   Plaintiff will amend her Complaint to set forth the true nature and extent of her injuries when the same

have been ascertained.

73.     The intentional and reckless acts of Defendants in physically abusing the Decedent were willful, malicious, oppressive, and in conscious disregard of his constitutional rights, thereby justifying the imposition of punitive or exemplary damages against defendant and in favor of Plaintiff.

74.     By reason of the aforementioned acts and omissions of Defendants and each of them, Plaintiff was required to and did retain an attorney to institute and prosecute the within action, and to render legal assistance to Plaintiff that she might vindicate the loss and impairment of her aforementioned rights; and by reason thereof, Plaintiff requests reimbursement by Defendants of a reasonable sum for attorney's fees and costs pursuant to 42 U. S.C. § 1988.

75.     Plaintiff seeks damages for Decedent's pain and suffering and loss of enjoyment of life.

76.      Plaintiff seeks attorney fees under this claim. Plaintiff also seeks funeral and burial expenses and loss of financial support.

## VII.

### THIRD CAUSE OF ACTION

### Wrongful Death (42 U.S.C. § 1983)

### (By PLAINTIFF against the Officer Defendants)

77.     Plaintiff incorporates by reference herein all allegations set forth above, and by this reference incorporates the same herein and makes each a part hereof as though fully set forth.

78.     Plaintiff, Lawanda Moses, has the right to bring the following Wrongful Death Action on behalf of her son, the Deceased, under California Code of Civil Procedure Section 377.60(b).

79.     Plaintiff, as the parent of the Deceased, suffered and continues to suffer economic and non-economic damages due to Defendants' conduct towards her son, including but not limited to economic damages for funeral expenses and

financial losses due to the financial benefits she may have reasonably expected to receive from her son had he lived, and non-economic damages for grief, loss of her son's companionship, impairment in the quality of her life, inconvenience, pain and suffering, and extreme emotional distress.

80.    Defendants' conduct was attended by circumstances of malice, or willful and wanton conduct, which Defendants must have realized was dangerous, or that was done heedlessly and recklessly, without regard to the consequences to the Deceased and Plaintiff.

81.    Defendants consciously disregarded a substantial and unjustifiable risk that they knew or should have known would cause the death of another.

82.    Plaintiff further demands payment for funeral services and burial expenses.

## VIII.
## FOURTH CAUSE OF ACTION
## Survival Action (42 U.S.C. § 1983)
## (By PLAINTIFF against the Officer Defendants

83.    Plaintiff incorporates by reference herein all allegations set forth above, and by this reference incorporates the same herein and makes each a part hereof as though fully set forth.

84.    Plaintiff brings this claim individually and as the personal representative of Decedent.

85.    As set forth above, the Defendants used excessive force while attempting to arrest Tommy Yancy, Jr.

86.    The Defendants' use of excessive force, as set forth above, was the direct and proximate cause of Tommy Yancy, Jr.'s injuries prior to death and death.

87.     As a result of the deliberate indifference, reckless indifference and/or negligence of Defendants as more fully described above, Plaintiff has suffered and

SECOND AMENDED COMPLAINT FOR DAMAGES - 14

continues to suffer injuries and damages as set forth in the Damages section of this complaint, including, but not limited to, economic damages and medical bills.

88.     The Defendants, who used excessive force against Tommy Yancy, Jr., leading to his death, were acting within the course and scope of their employment with their respective public entity employers at the time they engaged in the above-referenced misconduct.

89.     Those damages, as allowed by California Code of Civil Procedure §377.30 and 377.34, include, but are not limited to, the Decedent's pain and suffering, emotional distress, and economic harm and losses, as set forth in the "Damages" section below and the Prayer for Relief.

90.     Wherefore, Plaintiff seeks judgment against these Defendants as set forth in the Prayer for Relief.

## IX.

## FIFTH CAUSE OF ACTION

### Violation of the *Bane* Civil Rights Act

### (By PLAINTIFF against All Officer Defendants)

91.     Plaintiff incorporates by reference herein all allegations set forth above, and by this reference incorporates the same herein and makes each a part hereof as though fully set forth.

92.     Plaintiff brings this claim as the personal representative of Decedent, and seeks survival damages for the violation of Decedent's rights.

93.     Plaintiff seeks damages for Decedent's pain and suffering and loss of enjoyment of life.

94.     On or about the above stated dates, Defendants and each of them violated Decedent's civil rights, guaranteed by the United States Constitution, federal law, the California Constitution and the laws of the State of California thereby violating California Civil Code Sections 52, 52.1(a) and 52.1(b).

95.     Officer Defendants intentionally interfered with the Decedent's civil

rights by committing intentional and repeated violent acts upon him, including but not limited to:

     (a) shooting a taser at an unarmed person;

     (b) shooting a taser at a non-dangerous person;

     (c) shooting a taser at a veteran;

     (d) shooting a taser at that person when that person did not pose a threat;

     (e) shooting a taser at that person a large number of times;

     (f) utilizing excessive force by beating on the Decedent's chest so as to fracture his sternum;

     (g) continuing to shoot a taser at that person while he is on the ground;

     (h) beating that person;

     (i) releasing a K9 onto that person so as to cause the K9 to launch at that person's face and torso;

     (j) integrally participating in or failing to intervene in the above misconduct; and

     (k) all of the above acts together.

96.    As a direct and proximate result of the aforementioned acts of the Officer Defendants, Plaintiff suffered damages in a sum according to proof, and is entitled to the damages, statutory damages, treble damages, attorney's fees and costs provided for by Civil Code sections 52 and 52.1.

## X.

## SIXTH CAUSE OF ACTION

## Assault

## (By PLAINTIFF against the Officer Defendants)

97.    Plaintiff incorporates by reference herein all allegations set forth above, and by this reference incorporates the same herein and makes each a part

hereof as though fully set forth.

98.   Plaintiff, Lawanda Moses, has the right to bring the following Assault Action on behalf of her son, the Deceased, under California Code of Civil Procedure Section 377.60(b).

99.   On or about May 11, 2014, at approximately 1-1:30pm, near the intersection of Highway 86 and 15th Avenue in Imperial, California, the Officer Defendants, intentionally, willfully, and wantonly and maliciously threatened to launch a K9 at the Deceased in such a manner so as to cause the Deceased to reasonably believe he was about to be struck in a harmful and offensive manner. Due to the Officer Defendants' subsequent acts of violence towards Deceased, including, but not limited to, actually striking, hitting, and kicking the Deceased, a reasonable person in the Deceased's situation would have been offended by the threatened, violent touching.

100.   The Officer Defendants thus intended to cause and did cause the Deceased to suffer apprehension of an immediate harmful contact.

101.   As a direct and proximate result of the aforementioned acts of the Officer Defendants, Plaintiff suffered damages in a sum according to proof, and is entitled to the damages, statutory damages, treble damages, attorney's fees and costs.

## XI.

### SEVENTH CAUSE OF ACTION

### Negligence (Cal. Govt. Code § 820 and California Common Law)

### Wrongful Death

### (By PLAINTIFF against All Defendants)

102.   Plaintiff incorporates by reference herein all allegations set forth above, and by this reference incorporates the same herein and makes each a part hereof as though fully set forth.

103.   The actions and inactions of the Officer Defendants were negligent

and reckless, including but not limited to:

      (a) the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against Decedent;

      (b) the negligent tactics and handling of the situation with Decedent, including pre-shooting negligence;

      (c) the negligent detention, arrest, and use of force, including deadly force, against Decedent;

      (d) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Decedent;

104.   As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Decedent lost his life. Also, as a direct and proximate result of Officer Defendants' conduct as alleged above, Plaintiff has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of Decedent, and will continue to be so deprived for the remainder of her natural life. Plaintiff also claims funeral and burial expenses and a loss of financial support.

105.   The City of Imperial and State of California are vicariously liable for the wrongful acts of the Officer Defendants pursuant to Section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

106.   Plaintiff brings this claim individually and as personal representative of Decedent, and seeks both wrongful death damages for the violation of Decedent's rights.

///

///

///

## XII.

## EIGHTH CAUSE OF ACTION

## False Imprisonment

## (By PLAINTIFF against All Defendants)

107.   Plaintiff incorporates by reference herein all allegations set forth above, and by this reference incorporates the same herein and makes each a part hereof as though fully set forth.

108.   The Officer Defendants violated the Deceased's personal liberty by acting in a manner which had the effect of confining him against his will and limiting his contact with anyone from the outside world. The Officer Defendants accomplished this restraint through arresting him unlawfully while also launching a K9 at the Deceased and striking, hitting, kicking, and firing a taser shot at him. The Deceased's false imprisonment ended on or about May 11, 2014, when he lost consciousness due to the Officer Defendants' conduct and was taken to a hospital by ambulance.

109.   Specifically, the following conduct of the Officer Defendants constituted a false arrest:

      (a) Pulling Decedent over without cause;

      (b) Surrounding Decedent and preventing him from leaving the scene, effectively leaving him in custody;

      (c) Preventing Decedent from leaving the scene without a warrant;

      (d) shooting a taser at a non-dangerous person;

      (e) shooting a taser at a veteran;

      (f) shooting a taser at that person when that person did not pose a threat;

      (g) shooting a taser at that person a large number of times;

      (h) continuing to shoot a taser at that person while he is on the ground;

(i) beating that person;

(j) releasing a K9 onto that person so as to cause the K9 to launch at that person's face and torso;

(k) integrally participating in or failing to intervene in the above misconduct; and

(l) all of the above acts together.

110.   The Officer Defendants acted under color of state law.

111.   The conduct of the Officer Defendants prevented Decedent from leaving the scene or otherwise being entitled to the freedom to leave.

112.   As a direct and proximate cause of the acts of the Officer Defendants, Plaintiff was deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Decedent, their loved one and family member, and they will continue to be so deprived for the remainder of their natural lives.

113.   As a proximate result of said conduct, Plaintiff has suffered and continues to suffer extreme mental distress, humiliation and anguish, and other emotional injuries, as well as economic losses, all to her damage in amounts to be proven at trial.

114.   The Officer Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring the Deceased from an improper and evil motive, amounting to malice, and in conscious disregard of the Deceased's rights.

115.   The conduct of the Officer Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to each of the Officer Defendants.

///

///

///

## XIII.

## NINTH CAUSE OF ACTION

## Intentional Infliction of Emotional Distress

## (By PLAINTIFF against All Defendants)

116.   Plaintiff incorporates by reference herein all allegations set forth above, and by this reference incorporates the same herein and makes each a part hereof as though fully set forth.

117.   Defendants, and each of them, engaged in outrageous conduct towards the Deceased, with the intention to cause or with reckless disregard for the probability of causing Plaintiff to suffer severe emotional distress. To the extent that said outrageous conduct was perpetrated by certain Defendants, the remaining

Defendants adopted and ratified said conduct with a wanton and reckless disregard of the deleterious consequences to Plaintiff. As a proximate result of said conduct,

Plaintiff has suffered and continues to suffer extreme mental distress, humiliation, anguish, and emotional and physical injuries, as well as economic losses, all to her damage in amounts to be proven at trial.

118.   Defendants committed the acts alleged herein maliciously, fraudulently and oppressively with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights, entitling Plaintiff to recover punitive damages in amounts to be proven at trial.

## XIV.

## TENTH CAUSE OF ACTION

## Negligent Infliction of Emotional Distress

## (By PLAINTIFF against All Defendants)

119.   Plaintiff incorporates by reference herein all allegations set forth

above, and by this reference incorporates the same herein and makes each a part hereof as though fully set forth.

120.   Plaintiff was forced to witness the death of her son because the killing was seen and recorded by multiple witnesses, and afterwards was featured prominently on national and international news. Video footage broadcast by KECY-TV FOX 9 and ABC 5 depicts Decedent, who is clearly unarmed, being attacked by a K-9 dog, beaten, forced onto the ground, and shot with one or more tasers amidst a swarm of police officers. Sadly, Plaintiff, who had a very close relationship with her son, witnessed the fatal attack of her son on television, and had to contend with his death on Mother's Day,

121.   All Defendants, and each of them, knew or reasonably should have known that the conduct described herein would and did proximately result in physical and emotional distress to Plaintiff.

122.   At all relevant times, all Defendants, and each of them, had the power, ability, authority, and duty to stop engaging in the conduct described herein and/or to intervene to prevent or prohibit said conduct.  Defendants, and each of them, engaged in outrageous conduct towards the Deceased, with the intention to cause or with reckless disregard for the probability of causing Plaintiff to suffer severe emotional distress. To the extent that said outrageous conduct was perpetrated by certain Defendants, the remaining Defendants adopted and ratified said conduct with a wanton and reckless disregard of the deleterious consequences to Plaintiff. As a proximate result of said conduct, Plaintiff has suffered and continues to suffer extreme mental distress, humiliation, anguish, and emotional and physical injuries, as well as economic losses, all to her damage in amounts to be proven at trial.

123.   Defendants committed the acts alleged herein maliciously, fraudulently and oppressively with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice and in conscious disregard

of Plaintiff's rights, entitling Plaintiff to recover punitive damages in amounts to be proven at trial.

## XV.

### THIRTEENTH CAUSE OF ACTION

### DAMAGES

### (By Plaintiff against all Defendants)

1.      Plaintiff incorporates by reference herein all allegations set forth above, and by this reference incorporate the same herein and makes each a part hereof as though fully set forth.

2.      Plaintiff brings this claim individually and as the personal representative of Decedent, and seeks both survival and wrongful death damages for the violation of Decedent's rights.

3.      As a direct and proximate result of each Defendants' acts and/or omissions as set forth above, Plaintiff has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of Decedent, and will continue to be so deprived for the remainder of her natural life.

4.      As a further proximate result of the above described acts and omissions of Defendants, and each of them, Plaintiff has been deprived of the financial support of Decedent. Plaintiff was financially dependent upon Decedent for the necessities of life and will continue to incur the lifelong loss of Decedent's financial support in the future and for the remainder of her natural life, in an amount according to proof, and all to their financial detriment.

5.      In addition, Plaintiff sustained the following injuries and damages, past and future, including:

      a. Wrongful death of Tommy Yancy Junior;

      b. Conscious extreme pain, suffering, fear of impending death, cruelty, humiliation, degradation, misery, and loss of personal safety;

      c. Hospital, paramedics, and other medical expenses;

d. Coroner's fees, funeral and burial expenses;

e. Loss of familial relationships, including loss of love, companionship, comfort, affection, society, services, solace, and moral support;

f. Loss of financial support and necessaries of life;

g. Violation of constitutional rights;

h. All damages, attorneys' fees, and penalties recoverable under 42 U.S.C. 15 §§ 1983 and 1988, and as otherwise allowed under California and United States statutes, codes, and common law;

153. Tommy Yancy Junior's loss of life, pursuant to federal civil rights law; and Tommy Yancy Junior's conscious pain and suffering, pursuant to federal civil rights law and state law.

## XVI.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment in her favor and against all Defendants as follows:

1. For compensatory damages in the amount of $20,000,000, or in whatever other amount may be proven at trial, including both survival damages and wrongful death damages under federal and state laws;

2. For funeral and burial expenses, and loss of financial support;

3. For general damages according to proof at the time of trial;

4. For medical and related expenses according to proof at the time of trial;

5. For punitive damages against the individual defendants in an amount to be proven at trial;

6. For interest;

///
///
///
///

7. For reasonable costs of this suit and attorneys' fees; and

8. For such further other relief as the Court may deem just, proper, and appropriate.

DATED: September 29, 2015

s/ MAXWELL C. AGHA

Attorney for Plaintiffs
Maxwell.agha@bankershilllaw.com